Smith, J.
We think the great weight of authority is, that where, under a statute which provides a mode by which a county, township, school district or other governmental or administrative organization may be divided, and such division has been made in pursuance thereof, and the statute itself makes no provision as to a division between the two, of the money in the treasury belonging to the original organization, a court, even of general, legal or equitable jurisdiction, has not the right or power by its judgment to direct, that any part of it shall be paid to the new organization so formed.
The fact that the legislature has expressly provided by sec. 816 and 1377, for a division of property, and pointed out the manner in which it shall be made, where counties and townships are divided, and has made no such provisions where school districts are so divided, other than by sec. 3972, is a potent argument that the legislature did not contemplate that any such division should be made in cases like this, of money in the treasury of the original district. Sec. 3972 referred to, simply vests the title to all property, personal and real, situated in a particular district, in the board of education of such district. This, in effect, certainly gave to the Corwin district the title to all the school houses in such district, with the personal property appertaining thereto, but gave no right to any part of the money in the treasury of the Wayne township Board of Education.
The question as to how this should be divided, if divided at all, is a matter to be decided by the legislature, and not by the courts. As to this, the General Assembly is supreme. It has not seen proper to provide for such division, and with this the plaintiff must be content. Without referring to the many cases cited, where these doctrines are clearly set forth, we deem it necessary only to cite the language of Judge Ranney, in deciding the case of Com’rs of Fulton Co. v. Com’rs of Lucas Co., 2 Ohio St. 509, in which he says: “ Without *599 the aid of the statute, it will not be doubted, that Lucas county would, upon the division, have remained liable for all the debts it was then owing, and entitled to all the money and property then belonging to it.”.
Ghas. M. Thompson, attorney for plaintiff in error.
Milton Glarh and William L. Dechant, attorneys for defendant in error.
The judgment of the Court of Common Pleas will be affirmed, with costs.